## OFFICE OF THE CIRCUIT CLERK OF MONONGALIA COUNTY



**FILED**

JAN 2 4 2023

**JEAN FRIEND, CIRCUIT CLERK**
75 HIGH STREET, SUITE 12
MORGANTOWN WV 26505
Telephone: 304-291-7240
Fax: 304-291-7273

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

**17th Judicial Circuit**

20th Family Court

January 13, 2023

United States District Court
Attn: Cheryl Dean Riley
Post Office Box 2857
Clarksburg, WV 26301

1:23cv4

IN RE:   Civil Action No. 22-C-295
Lawrence L. Bowles, Jr.
vs
William F. Walsh et al

Dear Ms. Riley:

Enclosed please find copies of all pleadings filed in the above styled civil action that are being forwarded to you since this action has been removed to your Court.

Please contact this office if we can be of any further assistance in this matter.

Very truly yours,

Donna Hidock
Circuit Clerk of Monongalia County

Enclosures

BAJ

STATE OF WEST VIRGINIA

COUNTY OF MONONGALIA, TO-WIT:



**FILED**

JAN 2 4 2023

U.S. DISTRICT COURT-WVND
CLARKSBURG. WV 26301

I, Jean Friend, Clerk of the Circuit Court of Monongalia County, State aforesaid, hereby certify that the foregoing are copies of the original papers filed, and a complete record of the proceedings had in the interest of:

22-C-295

Lawrence L. Bowles, Jr.

vs

William F. Walsh et al.

lately pending in said Circuit Court.

Given under my hand and the seal of said Circuit Court on this **19TH** day of January, 2023.

Circuit Clerk of Monongalia Co., WV

CASE#: **22-C-295**

Sub Code:

JUDGE: PHILLIP D. GAUJOT

Date Opened: 12/12/2022

Date Printed: 01/19/2023

vs

Plaintiff: **LAWRENCE L. BOYLES JR**

Defendant: **WILLIAM F. WALSH**

Pro Attorney: JAMES L. LINDSAY

Def Attorney:

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 1 | 12/12/2022 | Complaint Filed | NotCollected | 200.00 | .00 | 200.00 |
| 2 | 12/12/2022 | Additional Clerks Fees | 1010 | 60.00 | .00 | 60.00 |
| 3 | 12/12/2022 | WVSP Lab | 2072 | 30.00 | .00 | 30.00 |
| 4 | 12/12/2022 | Paupers affidavit filed | | .00 | .00 | .00 |
| 5 | 12/12/2022 | Process issued - Returned to attorney for service on all def | | .00 | .00 | .00 |
| 6 | 01/13/2023 | Notice of Filing Notice of Removal to Federal Court | | .00 | .00 | .00 |
| 7 | 01/13/2023 | DISMISSED | | .00 | .00 | .00 |
| | | **Totals** | | **290.00** | **.00** | **290.00** |

A TRUE COPY
ATTEST _____ CLERK
MONONGALIA COUNTY CIRCUIT COURT

# IN THE CIRCUIT COURT OF _MONONGALIA_ COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

**Plaintiff(s)**

LAWRENCE L. BOYLES, JR

Case No. _22-C-295_

Judge: _PDG_

**Plantiff's Phone:** _____

**vs.**

**Defendant(s)**

WILLIAM F. WALSH, ET. AL.

Name

9888 W MOCCASIN TRL

Street Address

WEXFORD, PA 15090-9398

City, State, Zip Code

**Days to Answer** _20_

**Type of Service** _RTA_
_Personal / Sheriff   PA_

**Defendant's Phone:** _____

---

**II. TYPE OF CASE:**

- [x] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

---

**III. JURY DEMAND:** [ ] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): _____ / _____

---

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

- [x] Yes [ ] No

**IF YES, PLEASE SPECIFY:**

- [ ] Wheelchair accessible hearing room and other facilites
- [x] Reader or other auxiliary aid for the visually impaired
- [x] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

---

Attorney Name: James L. Lindsay

Firm: Legal Aid of WV

Address: 165 Scott Ave Ste 209 Morgantown, WV 26508

Telephone: 3042960001 Ext. 3125

[ ] Proceeding Without an Attorney

Representing:
- [x] Plaintiff
- [ ] Cross-Defendant
- [ ] 3rd-Party Plaintiff

- [ ] Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Defendant

**FILED**

---

Original and _____ copies of complaint enclosed/attached.

Dated: _____ / _____ / _____          Signature: _____

DEC 1 2 2022

~~JEAN FRIEND, CLERK~~

**SCA-C-100:  Civil Case Information Statement (Other than Domestic Relations)**          Revision Date: 4/2020

Plaintiff: _Lawrence L. Boyles JR_ , *et al*    Case Number: _22-C-295_
vs.
Defendant: _William F. Walsh, ET. AL._ , *et al*

## CIVIL CASE INFORMATION STATEMENT
### DEFENDANT(S) CONTINUATION PAGE

Trinity Market Solutions
_____    Defendant's Phone: _____
Defendant's Name
30 N Gould St Ste R,
_____    Days to Answer: _____
Street Address
Sheridan, WY 82801            Type of Service: _RTA / Certified_
_____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Bolt Capital Holdings
_____    Defendant's Phone: _____
Defendant's Name
30 N Gould St Ste R,
_____    Days to Answer: _____
Street Address
Sheridan, WY 82801            Type of Service: _RTA / Certified_
_____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Palmetto Brothers Capital
_____    Defendant's Phone: _____
Defendant's Name
30 N Gould St Ste R,
_____    Days to Answer: _____
Street Address
Sheridan, WY 82801            Type of Service: _RTA / Certified_
_____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Perryauto 19, LLC
_____    Defendant's Phone: _____
Defendant's Name
30 N Gould St Ste R,
_____    Days to Answer: _____
Street Address
Sheridan, WY 82801            Type of Service: _BRTA / Certified_
_____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Client Catcher, Inc.
_____    Defendant's Phone: _____
Defendant's Name
2595 Interstate Dr. Ste 103,
_____    Days to Answer: _____
Street Address
Harrisburg, PA, 17110        Type of Service: _Back to Attorney / Certified_
_____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_____    Defendant's Phone: _____
Defendant's Name
Days to Answer: _____
_____
Street Address             Type of Service: _____
_____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_____    Defendant's Phone: _____
Defendant's Name
Days to Answer: _____
_____
Street Address             Type of Service: _____
_____
City, State, Zip Code

**SCA-C-100:  Civil Case Information Statement-Defendant(s) Continuation Page**        Revision Date:  4/2020

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**LAWRENCE L. BOYLES, JR.,**

    **PLAINTIFF**

**V.**                                                                 CIVIL ACTION NO. 22·C·295

**WILLIAM F. WALSH,** *individually,*
**TRINITY MARKET SOLUTIONS, LLC,**
**BOLT CAPITAL HOLDINGS,**
**PALMETTO BROTHERS CAPITAL,**
**PERRYAUTO 19, LLC,**
**CLIENT CATCHER, INC.,**

    **DEFENDANTS.**

### COMPLAINT

The Plaintiff, Lawrence Lee Boyles, Jr., by and through his counsel, James L. Lindsay of Legal Aid of West Virginia, for his Complaint against the Defendants, alleges the following, to wit:

### INTRODUCTION

This is a complaint for financial exploitation, breach of fiduciary duty, fraud in the inducement, undue influence, breach of contract, failure of consideration, and conversion, all arising out of the Defendant's exploitative transfer and disposition of the Plaintiff's financial assets.

### JURISDICTION AND VENUE

Jurisdiction and venue are properly before this Court pursuant to the provisions of *W.Va. Code* § 56-1-1, et. seq., and West Virginia's long arm statutes.

**FILED**

DEC 1 2 2022

**JEAN FRIEND, CLERK**

1

## PARTIES

1. The Plaintiff, Lawrence L. Boyles, Jr., is a citizen and resident of Morgantown, Monongalia County, West Virginia.

2. The Defendant, William F. Walsh, is, upon information and belief, a citizen and resident of Wexford, Pennsylvania.

3. Defendant Trinity Market Solutions, LLC, is a for profit corporation incorporated in Wyoming with a service of process address of 30 N Gould St Ste R, Sheridan, WY 82801.

4. Defendant Bolt Capital Holdings is a for profit corporation incorporated in Wyoming with a service of process address of 30 N Gould St Ste R, Sheridan, WY 82801.

5. Defendant Palmetto Brothers Capital is a for profit corporation incorporated in Wyoming with a service of process address of 30 N Gould St Ste R, Sheridan, WY 82801.

6. Defendant Perryauto 19, LLC, is a for profit corporation incorporated in Wyoming with a service of process address of 30 N Gould St Ste R, Sheridan, WY 82801.

7. Defendant Client Catcher, Inc. is a for profit corporation incorporated in Pennsylvania with a service of process address of 2595 Interstate Dr. Ste 103, Harrisburg, PA, 17110.

8. The causes of action alleged below arose in Morgantown, Monongalia County, West Virginia.

## FACTS

9. The Plaintiff, Lawrence L. Boyles, Jr., is eighty-three (83) years old and resides in Morgantown.

10. The Defendant, William F. Walsh, is Plaintiff Boyles's former son-in-law and upon information and belief, is the owner of multiple illegitimate corporations and LLCs.

2

11. Defendant, in his position of trust and confidence as a family member of Plaintiff Boyles, engaged in a pattern of deception and misappropriation of Plaintiff's money.

12. Plaintiff sold his home and received the proceeds from that sale in a lump sum payment from the purchaser.

13. Knowing Plaintiff had come into these funds, the Defendant made false promises of investment and capital gains to the Plaintiff to secure multiple large transfers of funds from Plaintiff's bank account into his own and those of his multiple organizations.

14. Plaintiff relied to his detriment on the false promises and advisement of Defendant and transferred amounts including, but not limited to, $100,000; $5,000; and $7,500 between 2018 and 2020.

15. Based on Defendant's familiarity with the Plaintiff and Defendant's close position of trust and confidence being a member of Plaintiff's family, Defendant did not offer any written agreement, contract, retainer, or any other accounting of how any of Plaintiff's funds would be invested, and refused to provide a 1099 tax form when requested.

16. Defendant was to return Plaintiff's capital, investment income and interest after the "investments" had matured and Plaintiff could begin drawing on the investment income.

17. To date, Defendant(s) have refused to provide an accounting of Plaintiff's funds and has returned only approximately $20,000 of Plaintiff's funds.

18. Defendant has acknowledged to third parties that he owed Plaintiff under said agreements, and that he would return his funds as soon as possible plus the capital gains and interest.

19. Based upon information and belief, Plaintiff has operated numerous "shell" companies and LLCs, all without any of the formalities required and recommended under West Virginia law.

20. Upon information and belief, the corporate entities (Corporate Defendants) as identified herein have no boards, directors, management structure, and do not operate as free-standing corporations under West Virginia Law.

21. Upon information and belief, Defendant has used the herein named Corporate Defendants to create a corporate veil and has used the same to hide and/or otherwise disguise malfeasance and misappropriation of the money of Plaintiff and potentially other elderly and/or disabled individuals.

22. At all times relevant herein, the Defendant represented to the Plaintiff that he was acting in Plaintiff's best interests and acting on his behalf as a trusted financial adviser and family member.

## COUNT ONE – FINANCIAL EXPLOITATION

23. The Plaintiff re-alleges the facts and allegations contained in Paragraphs 1 through 21 as if fully restated herein.

24. Under West Virginia Law, Plaintiff is an elderly person.

25. Upon information and belief, the Defendant used undue influence in order to gain the trust of the Plaintiff and to overcome his free will of Plaintiff Boyles.

26. Using said trust, Defendant further intentionally misappropriated and misused the funds and assets of the Plaintiff by transferring them directly to the accounts of corporate entities including, but not limited to, Trinity Market Solutions, Bolt Capital Holdings, Palmetto Brothers Capital, Perryauto 19, LLC, and Client Catcher, Inc.

4

27. Using his position of trust and confidence to Plaintiff, Defendant convinced the elderly Plaintiff to transfer, including but not limited to, approximately $100,000 to him in the name of Bolt Capital Holdings.

28. Using his position of trust and confidence to Plaintiff, Defendant convinced the elderly Plaintiff to transfer, including but not limited to, $5,000 to him in the name of Trinity Market Solutions.

29. Using his position of trust and confidence to Plaintiff, Defendant convinced the elderly Plaintiff to transfer, including but not limited to, $7,500 from Plaintiff's credit card to him in the name of Client Catcher, Inc..

30. The actions of the Defendants constitute financial exploitation of an elderly person.

31. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered a loss of monies, property, and other assets in excess of $100,000.

32. As a direct and proximate result of the defendant's actions, the Plaintiff has suffered great emotional distress and mental anguish, all of which has affected his health and well-being.

33. Inasmuch as the actions of the Defendants were willful, knowing, and intentional acts, made with malice and bad faith, and inasmuch as the actions of Teresa Borror were committed while she was the agent of Lawrence L. Boyles, Jr., the Plaintiff is entitled to an award of punitive damages in the amount of payment of treble damages, and attorney's fees and costs, pursuant to §55-7J-3 and §55-7J-4.

### COUNT TWO – BREACH OF FIDUCIARY DUTY

34. The Plaintiff re-alleges the facts and allegations contained in Paragraphs 1 through 32 as if fully restated herein.

35. At all times relevant herein, up until he absconded with Plaintiff's assets, Defendant William Walsh held himself out to be a fiduciary and agent of the Plaintiff, Lawrence Boyles.

36. Defendant Walsh owed to the Plaintiff a fiduciary duty to act in the Plaintiff's best interests, which is the highest duty recognized by law.

37. By misappropriating Plaintiff's funds and refusing to provide any accounting for them, Defendant has violated his fiduciary duty to the Plaintiff.

38. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered a loss of monies, property, and other assets totaling more than $100,000.

39. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered great emotional distress and mental anguish, all of which has adversely affected his health and well-being.


**COUNT THREE – FRAUD IN THE INDUCEMENT**

40. The Plaintiff re-alleges the facts and allegations contained in Paragraphs 1 through 38 as if fully restated herein.

41. The defendants engaged in a pattern of deceiving the Plaintiff by making false promises to him, without intention of performance by them, for the fraudulent purpose of putting the defendants in an advantageous position at the expense of the Plaintiff.

42. The false promises were acted upon by the Plaintiff, to his detriment.

43. Upon information and belief, the Defendant made numerous false statements to the Plaintiff in order to convince him to transfer money, including but not limited to, that he would be investing the funds and providing a return on said investment(s), that he was

6

starting profitable corporations with said money, and that profits from his ventures would

be used to provide for Plaintiff's daughter and family.

44. Upon information and belief, Defendants fraudulently induced the Plaintiff to sign

multiple checks to himself and his business entities, without any intention of returning

those funds.

45. Upon information and belief, all of Defendant's companies lack any structure as

legitimate business entities, are not doing business as stated to the Plaintiff, and are not

for the purpose of becoming profitable ventures.

46. The actions of the Defendant constitute fraud in the inducement.

47. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered a

loss of monies, property, and other assets totaling more than $100,000.

48. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered

great emotional distress and mental anguish, all of which has affected his health and well-

being.

49. Inasmuch as the actions of the Defendant were willful, knowing, and intentional acts of

fraud, made with malice and bad faith, the Plaintiff is entitled to an award of punitive

damages, attorney's fees and costs.

50. Inasmuch as the damages suffered by the Plaintiff are the result of conduct that was

carried out by the Defendant with actual malice toward the Plaintiff and a conscious,

reckless, and outrageous indifference to the health, safety, and welfare of the Plaintiff, the

said Lawrence L. Boyles, Jr., is entitled to an award of punitive damages pursuant to the

provisions of *W. Va. Code* §55-7-29, attorneys' fees and costs.

**COUNT FOUR – UNDUE INFLUENCE**

7

51. The Plaintiff re-alleges the facts and allegations contained in Paragraphs 1 through 49 as if fully restated herein.

52. The Defendant represented to the Plaintiff that he was acting in Plaintiff's best interests and acting on Plaintiff's behalf and took actions to unduly influence Plaintiff's financial decision-making.

53. The Defendant first convinced the Plaintiff that he did not need to memorialize any investment agreements between them because they were relatives and because the Defendant was his son-in-law.

54. Before receiving Plaintiff's money the Defendant engaged in a pattern of activities that overcame the free will of the Plaintiff and to replace his desires with those of the Defendant.

55. The Defendant was ingratiated into the Plaintiff's life as his son-in-law.

56. The Defendant began using false promises of profit and business acumen in order to lure the Plaintiff into transferring large amounts of money to numerous LLCs and corporate entities.

57. By doing so, the Defendant gained full advantage over the Plaintiff by causing him to rely on Defendant for financial help and advice.

58. Using his advantage and the Plaintiff's trust, the Defendant convinced the Plaintiff that Defendant was representing his best interests and that Defendant would ensure Plaintiff's funds were safe and protected.

59. With full knowledge of Plaintiff's advanced age and cognitive concerns, Defendant provided no agreements, investment portfolios, repayment schedules, contracts, or any other information related to the transactions.

60. Upon information and belief, the Defendant actions constitute undue influence.

61. As a direct and proximate result of the Defendant's actions, the Plaintiff trusted the Defendant to help manage his financial affairs, including the investment of funds received from the sale of his home.

62. However, instead of representing and protecting the Plaintiff's interests, the Defendant engaged in a pattern of self-dealing, deceit, and obfuscation of his transferring of the Plaintiff's money to his own use and benefit.

63. Said pattern consisted of, including but not limited to, convincing the Plaintiff to place monies in the care and custody of Defendant for investment and estate planning purposes, convincing the Plaintiff to invest monies into nonexistent business entities, and by inducing him to do so without any written record of investments with Defendant other than Plaintiff's checks.

64. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered great emotional distress and mental anguish, all of which has affected his health and well-being.

65. Inasmuch as the actions of the Defendant were willful, knowing, and intentional acts of fraud, made with malice and bad faith, the Plaintiff is entitled to an award of punitive damages, attorney's fees and costs.

66. Inasmuch as the damages suffered by the Plaintiff are the result of conduct that was carried out by the Defendant with actual malice toward the Plaintiff and a conscious, reckless, and outrageous indifference to the health, safety, and welfare of the Plaintiff, the said Lawrence L. Boyles, Jr., is entitled to an award of punitive damages pursuant to the provisions of *W. Va. Code* §55-7-29, attorneys' fees and costs.

## COUNT FIVE – BREACH OF CONTRACT

67. The Plaintiff re-alleges the facts and allegations contained in Paragraphs 1 through 65 as if fully restated herein.

68. Upon information and belief, the Defendant promised Plaintiff returns on "investments" if monies were given to him to start small businesses and/or other business entities.

69. Subsequently, the Plaintiff performed under the agreement by transferring over $100,000 into Defendant's direct possession and control.

70. The Defendant failed to provide any accounting of the funds and has refused to return any money to the elderly Plaintiff pursuant to the Parties' agreement.

71. Upon information and belief, such a failure is grounds to rescind any and all professed "investment agreements" in their entirety and to make Plaintiff whole again under West Virginia law.

72. Inasmuch as the actions of the Defendant were willful, knowing, and intentional acts, made with malice and bad faith, the Plaintiff is entitled to an award of punitive damages, attorney's fees and costs.

73. Inasmuch as the damages suffered by the Plaintiff are the result of conduct that was carried out by the Defendants with actual malice toward the Plaintiff and a conscious, reckless, and outrageous indifference to the health, safety, and welfare of the Plaintiff, the said Lawrence L. Boyles, Jr., is entitled to an award of punitive damages pursuant to the provisions of *W. Va. Code* §55-7-29, attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

1. An Order to "pierce the corporate veil" with regard to Defendant's numerous corporate entities;

2. Judgment against the Defendant(s) for financial exploitation, breach of fiduciary duty, fraud in the inducement, and breach of contract in excess of $100,000.

3. An award of compensatory damages for pain and suffering, loss of use, and breach of contract.

4. An award of attorneys' fees and costs;

5. An award of punitive damages as permitted by law; and

6. Any such other and further relief as this Court deems reasonable and just under the circumstances.

Lawrence L. Boyles, Jr., ,
By Counsel

James L. Lindsay
Financial Exploitation Attorney
Legal Aid of West Virginia
165 Scott Avenue, Suite 209
Morgantown, WV 26508
Telephone: (304) 296-0001, Extension 3125
Facsimile: (304) 296-0276

COUNSEL FOR PLAINTIFF

## VERIFICATION

State of West Virginia

County of Monongalia


Lawrence L. Boyles, Jr., after being first duly sworn, states that she is the Plaintiff in the foregoing Complaint; that the facts and allegations therein contained are true, except so far as they are therein stated to be upon information, and that so far as they are therein stated to be on information, she believes them to be true.



_____
Lawrence L. Boyles, Jr.

Signed and sworn to me on this _26th_ day of _October_, 2022.


_____
Notary Public

My Commission expires on: _August 4, 2025_

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Eva Segert-Tauger
Legal Aid of West Virginia, Inc.
165 Scott Ave., Suite 209
Morgantown, WV 26508
My Commission Expires Aug. 4, 2025

IN THE ~~Magistrate~~ *Circuit* COURT OF *Monongalia* COUNTY, WEST VIRGINIA

Case No. 72-C-295

*Caurnce Boyles, Jr.* v. *William F. Walsh, et al.*

**Plaintiff or Petitioner**                    **Defendant or Respondent**

## FINANCIAL AFFIDAVIT AND APPLICATION:
### ELIGIBILITY FOR WAIVER OF FEES, COSTS, OR SECURITY IN A CIVIL OR DOMESTIC CASE OR FOR COSTS ASSOCIATED WITH REQUIRED POLYGRAPH EXAMINATION OR ELECTRONIC MONITORING

**A. Information for the Applicant:**

1. You will be allowed to file and carry on your civil proceeding without giving security or paying fees or costs that would otherwise be required, if the court finds that you meet the official financial guidelines.

2. You must complete the affidavit for the court to determine if the costs of either a polygraph examination, required by *W.Va. Code § 62-11D-2*, or electronic monitoring, required by *W.Va. Code § 62-11D-3*, will be paid by the supervising entity.

3. You must file a separate affidavit and application anytime your financial situation no longer meets the official guidelines or anytime the court orders you to do so.

4. You must attach a copy of your most recent salary stub, W-2 form, or other financial documentation (with all social security numbers and all dates of birth removed *[you can black them out]*) that verifies your income. Without the attached documentation, your application will be incomplete and not considered.

5. At any time you may request or the court may require review of your eligibility for a waiver; and at any time the court may require you to pay fees or costs previously waived or to pay future fees or costs.

6. When you sign this form, you will have to swear or affirm that you have completely and truthfully provided all information sought, to the best of your knowledge and ability. *If you knowingly give any incomplete and/or false information, you may be prosecuted for the crime of false swearing.*

7. The information you give in this form will be confidential only in a domestic violence or a divorce case.

8. Except for signatures, all information must be clearly printed.

**B. Information about You and Your Case:**

1a. Name: *Caurnce Boyles, Jr.*    1b. Telephone Number: *(304) 288-5994*

1c. Address: *37 Bluegrass Vls Morgantown WV 26501*

FILED
DEC 12 2022

**SCA-C&M201:  Financial Affidavit and Application**                    Page 1 of 3
Revision Date:  12/14/2016;  WVSCA Approved Date:  03/23/2011; Docket Code(s):  MCMWF    JEAN FRIEND, CLERK

Case No. _____

2. Describe what is involved in your case:

_Financial exploitation and breach of agreements against former son-in-law_

3a. Do you have a lawyer? ☒ Yes ☐ No

  b. Have you paid or will you have to pay your lawyer? ☐ Yes ☒ No

  c. Will you have to pay your lawyer only if you win? ☐ Yes ☒ No

4. Check if seeking waiver for:

  ☐ Cost of required polygraph examination (*W.Va. Code § 62-11D-2*); and/or

  ☐ Cost of required electronic monitoring (*W.Va. Code § 62-11D-3*).

## C. Information about Your Financial Situation:

1a. What is your current **yearly** net (take-home) income from **all** sources?

| Employer: | $ | Second Job: | $ | Self-Employment: | $ |
|---|---|---|---|---|---|
| Public Assistance: | $ 0 | Food Stamps: | $ 0 | Unemployment: | $ 0 |
| Benefits: | $ | Drawing Benefits: | $ 0 | Social Security (SSI): | $ 336 |
| Alimony: | $ 0 | Pensions: | $ 0 | Rental Income: | $ 0 |
| Interest: | $ 0 | Dividends: | $ 0 | Annuities: | $ |
| Odd Jobs: | $ 0 | Other: | $ 0 | (specify): | ___ |
| **YEARLY TOTAL:** | $ 4,616 | | | | |

**Please remember to attach financial documents which verify this information.**

1b. If your listed income is zero (0), please explain below and attach some verification (i.e. DHHR or food stamp information):

_____

2a. List the names and relationships to you of all the persons supported by this income, whether or not they are household members (provided, that these persons can be claimed as dependents on your federal tax return):

_____

_____

2b. What is the total number of dependents, including yourself? | 1

3. How much money do you, individually or jointly, have in cash, checking and savings accounts, deposit certificates, and/or bonds (**liquid assets**)? $ _535_

**SCA-C&M201: Financial Affidavit and Application**
Revision Date: 12/14/2016; ☞ WVSCA Approved Date: 03/23/2011; Docket Code(s): **MCMWF**

Page 2 of 3

Case No. _____

4a. List your regular **monthly** household debt-payment and other expenses:

| Mortgage/Rent: | $ 466 | Car Payment: | $ | Loan Payment: | $ |
|---|---|---|---|---|---|
| Credit Card Payments: | $ | Other Debt Payments: | $ | Utilities: | $ 150 |
| Cell Phone: | $ 50 | Food: | $ | Child Care: | $ |
| Child Support: | $ | Alimony: | $ | Medical Bills: | $ |
| Other Expenses: | $ | Specify: | | | |

4b. What is the total amount of these monthly expenses?  $ 616

5a. List all cars, trucks, motorcycles, or recreational vehicles (all-terrain vehicles, motor homes, snowmobiles, boats), including their make, model, and year, that you own, individually or jointly:

_____

_____

5b. What is the total value of these items less any amount owed?  $ _____

6a. List all real estate (houses, lots, land, rental property, other commercial property) that you, individually or jointly, own.

_____

_____

6b. What is the total value of these items less any amount owed?  $ _____

7. What would the consequences be for you if a waiver of fees, costs, or security is denied?

Would not be able to file.

8. This application consists of three (3) pages and _____ pages of supporting financial documents.

By signing my name on this form, I swear to or affirm: (1) the completeness and truthfulness, to the best of my ability and knowledge, of the information I have provided and (2) my belief that I have a right to a waiver.

Signature of Affiant-Applicant: X L Boyles

Taken, subscribed, and sworn or affirmed before me, by the person whose signature app____ on th__ on

26th day of October, 20 22, in Monongalia

County _____

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Eva Segert-Tauger
Legal Aid of West Virginia, Inc.
165 Scott Ave., Suite 209
Morgantown, WV 28508
My Commission Expires Feb. 4, 2025

Signature of Notary (Clerk or Deputy Clerk): _____

**For Court Use Only**

The affiant's application for a waiver is (clerk:  initial one)  BAJ  granted  _____ denied.

Date: 12/12/22   Signature of Clerk or Deputy: _____

**SCA-C&M201: Financial Affidavit and Application**
Revision Date: 12/14/2016; WVSCA Approved Date: 03/23/2011; Docket Code(s):  MCMWF

Page 3 of 3

<u>FINANCIAL GUIDELINES WORKSHEET</u>
(For initial determination of eligibility for waiver of fees or costs:  civil cases)

Item 1.  Affidavit Line C1 (net income):        $ _11,820_

Item 2.  Affidavit Line C2b (dependents):    ___1___

(same number)

Item 3.  Guidelines Income Chart:        ___1___ dependents, $ _19,320_ income

　　　　[If Line C1 is more than income chart amount, applicant is not eligible.  **STOP**: the
steps below need not be completed.]

Item 4.  Affidavit Line C3 (liquid assets):  $ _535_ - 500 = $ [ _35_ ]

Item 5.  Affidavit Line C4b (monthly expenses):  $ _616_

　　　　[If the amount in the box in Item 4 is not less than Line C4b, applicant is not eligible.
STOP: the steps below need not be completed.]

Item 6.  Affidavit Line C5b (collateral assets): $ _0_

　　　　[If Line C5b is more than the income chart amount in Item 3, applicant is not eligible -
*even if the applicant meets the income and liquid assets versus monthly expenses
guidelines.*]

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

LAWRENCE L. BOYLES, JR.,

     PLAINTIFF,

v.                                    Civil Action No. 22-C-295

WILLIAM F. WALSH, *individually*,
TRINITY MARKET SOLUTIONS, LLC,
BOLT CAPITAL HOLDINGS,
PALMETTO BROTHERS CAPITAL,
PERRYAUTO 19, LLC,
CLIENT CATCHER, INC.,

     DEFENDANTS.

## NOTICE OF FILING NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that on January 10, 2023, Defendant Palmetto Brothers Capital filed its *Notice of Removal* effecting the removal of this action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia. A true and accurate copy of the *Notice of Removal* is attached to this Notice as **Exhibit 1**. Pursuant to 28 U.S.C. § 1446(d), this Court may proceed no further with this action unless and until the case is remanded.

Respectfully submitted this 10th day of January 2023.

                    **PALMETTO BROTHERS CAPITAL,**
                    By Counsel,

                    David L.T. Butler (WVSB # 11339)
                    Brian J. Warner (WVSB #9372)
                    Shuman McCuskey Slicer PLLC
                    300 Wedgewood Drive, Suite 110
                    Morgantown, WV 26505
                    (304) 291-2702 (o); (304) 291-2840 (fax)
                    dbutler@shumanlaw.com
                    bwarner@shumanlaw.com

**F I L E D**

JAN 1 3 2023

DONNA HIDOCK, CLERK

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LAWRENCE L. BOYLES, JR.,**

> ELECTRONICALLY
> FILED
> 1/10/2023
> U.S. DISTRICT COURT
> Northern District of WV

    **PLAINTIFF,**

**v.**

Civil Action No.   1:23-CV-4 TSK

**WILLIAM F. WALSH,** *individually*,
**TRINITY MARKET SOLUTIONS, LLC,**
**BOLT CAPITAL HOLDINGS,**
**PALMETTO BROTHERS CAPITAL,**
**PERRYAUTO 19, LLC,**
**CLIENT CATCHER, INC.,**

    **DEFENDANTS.**

### NOTICE OF REMOVAL

    **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Palmetto Brothers Capital ("Palmetto") gives notice of removal of the above-styled civil action from the Circuit Court of Monongalia County, West Virginia. In support of Palmetto's notice of removal, Palmetto states that this Court has diversity jurisdiction over this action and pleads as follows:

    1.    On or about December 12, 2022, Plaintiff Lawrence L. Boyles ("Plaintiff") commenced this action by filing a Complaint against William F. Walsh; Trinity Market Solutions, LLC[1]; Bolt Capital Holdings[2]; Palmetto Brothers Capital; Perryauto 19, LLC; and Client Catcher, Inc.[3] in the Circuit Court of Monongalia County, West Virginia, Civil Action No. 22-C-295, a true and correct copy of which is attached as **Exhibit A**.

---

[1] Trinity Market Solutions, LLC is incorrectly denominated by Plaintiff. The proper entity, now dissolved, was a corporation known as Trinity Marketing Solutions.
[2] Bolt Capital Holdings is incorrectly denominated by Plaintiff. The proper entity is Bolt Capital Holdings Group.
[3] Client Catcher, Inc. is incorrectly denominated by Plaintiff. The proper entity is The Client Catcher, Inc.

1



2.      The summons and complaint filed by Plaintiff were received by Palmetto's registered agent by certified mail on December 19, 2022.  No additional process, pleadings, or orders have been served on Defendant Palmetto.[4]

3.      As set forth below, this is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and is one that may be removed by Palmetto pursuant to 28 U.S.C. § 1441.  The dispute is between citizens of different states.  Furthermore, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

4.      Upon information and belief, and as Plaintiff alleges in his Complaint, Plaintiff is a citizen of the State of West Virginia.  (Compl., ¶ 1.)

5.      Plaintiff alleges that Defendant William F. Walsh is a citizen of the Commonwealth of Pennsylvania.  (Compl., ¶ 2.)

6.      Defendant William F. Walsh is not a citizen of the Commonwealth of Pennsylvania. He is a citizen of the State of Texas.  (*See* Affidavit of William F. Walsh, attached hereto as **Exhibit C.**)

7.      The citizenship of a corporation is determined by (a) its place of incorporation and (b) its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); *Pizzuto v. McCoid*, Civil Action No. 5:12-CV-63, 2012 U.S. Dist. LEXIS 95504, at *2 (N.D.W. Va. July 11, 2012).

8.      Defendant, Trinity Marketing Solutions, was a corporation incorporated in Wyoming.

---

[4] A copy of the state court docket sheet is attached as **Exhibit B**.

9.      Trinity Marketing Solutions was administratively dissolved by the Wyoming Secretary of State on or about November 12, 2019. (*See* **Exhibit D**, Wyoming Secretary of State Business Center Detail for Trinity Marketing Solutions.)

10.     Defendants, Bolt Capital Holdings Group and Palmetto Brothers Capital, are corporations incorporated in Wyoming. (*See also* Compl., ¶¶ 3-4.)

11.     Defendant, The Client Catcher, Inc., is a corporation incorporated in Pennsylvania. (*See also* Compl., ¶ 7.)

12.     Defendant Perryauto 19, LLC is a limited liability company incorporated in Wyoming. (*See also* Compl., ¶ 6.)

13.     "The citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

14.     William F. Walsh is the only member of Perryauto 19, LLC.  As such, Perryauto 19, LLC, is also a resident of Texas.

## AMOUNT IN CONTROVERSY

15.     Removal is proper if the removing party can establish by a preponderance of the evidence facts to demonstrate that the amount in controversy exceeds $75,000.00. *Asbury-Casto v. GlaxoSmithKline, Inc.*, 352 F. Supp. 2d 729, 731 (N.D.W. Va. 2005) (adopting preponderance of the evidence standard).

16.     "[T]he amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *Id.*, 352 F. Supp. 2d at 733 (quotation omitted).  The Court may consider "the relief the plaintiff is requesting in the complaint at the time of trial, in addition to pre and post-judgment

interest as required by law, . . . however not claims for interest and costs." *See Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 583 (S.D.W. Va. 1999).

17.    Although the complaint does not state a sum certain, Palmetto has a good faith basis to believe that the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.    In his complaint, Plaintiff alleges that he transferred at least $112,500 to Defendant(s) and alleges that "Defendant was to return Plaintiff's capital, invest income and interest after the 'investments' had matured[.]" (Compl., ¶¶ 14, 16.) Plaintiff further alleges that Defendant(s) have "returned only approximately $20,000 of Plaintiff's funds." (Compl., ¶ 17.) Based upon the allegations in the Complaint, Plaintiff alleges that he "has suffered a loss of monies, property, and other assets in excess of $100,000" and "has suffered great emotional distress and mental anguish", among other claims for damages. (Compl., ¶¶ 31-32.)

18.    Plaintiff has alleged a claim for "financial exploitation" which, if proven, could result in the Court ordering "the return of property or assets improperly obtained, controlled or used" and "[a]n award of actual damages to the person who brought the action for any damages incurred or for the value of the property or assets lost[.]"    W. Va. Code § 55-7J-3(a)(1)-(2). Plaintiff also seeks treble damages pursuant to West Virginia Code § 55-7J-3(b)(2) and attorneys' fees and costs pursuant to West Virginia Code § 55-7J-4.

19.    In this action, in addition to Plaintiff's claim for compensatory and general damages in excess of $100,000 before consideration of Plaintiff's treble damages claim, Plaintiff also seeks punitive damages on their claims against the Defendants. (*See* Compl., ¶¶ 49-50, 65-66, 72-73.)

20.    Because Plaintiff has raised claims for punitive damages which, if proved, would be recoverable, such claim augments the compensatory and general damages claimed in this case,

supporting the fact that the required amount in controversy is met. *See Asbury-Casto*, 352 F. Supp. 2d at 732.

21.     Based on the above, "competent proof" exists that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, exceeding the jurisdictional limit under 28 U.S.C. § 1332. *See Asbury-Casto*, 352 F. Supp. 2d at 731 (requiring "competent proof" that jurisdictional requirements are met for removal under § 1332).

## TIMELINESS OF REMOVAL

22.     Pursuant to 28 U.S.C. § 1446(b)(1), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

23.     This notice of removal is timely because less than thirty days have elapsed since receipt by Defendant Palmetto of the initial pleading.

## VENUE

24.     Venue for this removal action is proper pursuant to 28 U.S.C. § 1441 because the Northern District of West Virginia is the United States District Court for the Circuit Court of Monongalia County where the state court action was pending.

## STATEMENT OF CONSENT TO REMOVAL

25.     In accordance with 28 U.S.C. § 1446(b)(2)(A), *Mayo v. Bd. of Educ. of Prince Georges Cnty.*, 713 F.3d 735, 742 (4th Cir. 2013), all named Defendants consent to the removal of this matter. The Notices of Consent of William F. Walsh, Trinity Marketing Solutions, Bolt Capital Holdings Group , Perryauto 19, LLC, and The Client Catcher, Inc. are attached as **Exhibit D** through **Exhibit H**.

## OTHER MATTERS

26.    The Clerk of the Circuit Court of Monongalia County, West Virginia, will be requested to submit a certified copy of the entire state court record to this Court for filing.

27.    In compliance with 28 U.S.C. § 1446(d), notice of filing this notice of removal is being filed with the Circuit Court of Monongalia County, West Virginia.

28.    This case is being removed subject to and without waiver of any challenges that Defendant Palmetto may have as to any claims or defenses that may be available to it.

**WHEREFORE,** Palmetto Brothers Capital requests that this action be removed from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia, and that said Circuit Court of Monongalia County, West Virginia, proceed no further with said action.

Respectfully submitted this 10th day of January, 2023.

**PALMETTO BROTHERS CAPITAL,**

By Counsel,

/s/ David L.T. Butler
David L.T. Butler (WVSB # 11339)
Brian J. Warner (WVSB #9372)
Shuman McCuskey Slicer PLLC
300 Wedgewood Drive, Suite 110
Morgantown, WV 26505
Telephone: (304) 291-2702
Facsimile: (304) 291-2840
dbutler@shumanlaw.com
bwarner@shumanlaw.com

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAWRENCE L. BOYLES, JR.,

       PLAINTIFF,

v.                                         Civil Action No.   1:23-CV-4 TSK

WILLIAM F. WALSH, *individually*,
TRINITY MARKET SOLUTIONS, LLC,
BOLT CAPITAL HOLDINGS,
PALMETTO BROTHERS CAPITAL,
PERRYAUTO 19, LLC,
CLIENT CATCHER, INC.,

       DEFENDANTS.

### Certificate of Service

    I hereby certify that on the 10th day of January, 2023, I electronically filed the foregoing "Notice of Removal" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following CM/ECF participants, and further certify I served a copy of the foregoing on the following counsel of record via United States mail, postage prepaid, this 10th day of January, 2023:

            James L. Lindsay, Esquire
            Legal Aid of West Virginia
            165 Scott Avenue, Suite 209
            Morgantown, WV 26508
            *Counsel for Plaintiff*

                                      /s/ David L.T. Butler
                                      David L.T. Butler (WVSB # 11339)

JS 44 (Rev. 04/21)    Case 1:23-cv-00004-TSK    Document 1-1 Filed 01/10/23 Page 1 of 2 PageID #: 38 CV-4

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS

Lawrence L. Boyles, Jr.

**(b)** County of Residence of First Listed Plaintiff    Monongalia Co., WV
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

James L. Lindsay; Legal Aid of West Virginia; 165 Scott Avenue, Suite 209; Morgantown, WV 26508; 3042960001

### DEFENDANTS

See Attachment

County of Residence of First Listed Defendant    Rockwall Co., TX
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

See Attachment

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 864 SSID Title XVI |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 865 RSI (405(g)) |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | **FEDERAL TAX SUITS** |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | ☐ 555 Prison Condition | | ☐ 890 Other Statutory Actions |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | ☐ 891 Agricultural Acts |
| | | | | ☐ 893 Environmental Matters |
| | | | | ☐ 895 Freedom of Information Act |
| | | | | ☐ 896 Arbitration |
| | | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| | | | | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File |

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Plaintiff has filed a complaint alleging contract and financial exploitation claims seeking to recover over $100,000

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    January 10, 2023

SIGNATURE OF ATTORNEY OF RECORD    /s/ David L.T. Butler

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**LAWRENCE L. BOYLES, JR.,**

      **PLAINTIFF,**

**v.**                                           **Civil Action No.**

**WILLIAM F. WALSH,** *individually***,**
**TRINITY MARKET SOLUTIONS, LLC,**
**BOLT CAPITAL HOLDINGS,**
**PALMETTO BROTHERS CAPITAL,**
**PERRYAUTO 19, LLC,**
**CLIENT CATCHER, INC.,**

      **DEFENDANTS.**

## CIVIL COVER SHEET "ATTACHMENT"

Attorneys for the Defendants are as follows:

David L.T. Butler (WVSB #11339)
Brian J. Warner (WVSB #9372)
Shuman McCuskey Slicer PLLC
300 Wedgewood Drive, Suite 110
Morgantown, WV 26505
304-291-2702
dbutler@shumanlaw.com
bwarner@shumanlaw.com



# S U M M O N S

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**LAWRENCE L BOYLES, JR**

<table>
<tr><td></td><td>Plaintiff(s),</td><td>Civil Action: 22-C-295</td></tr>
</table>

**VS**

**WILLIAM F. WALSH**
**9888 W MOCCASIN TRL**
**WEXFORD, PA 15090-9398**

**TRINITY MARKET SOLUTIONS**
**30 N GOULD ST., STE R**
**SHERIDAN, WY 82801**

**BOLT CAPITAL HOLDINGS**
**30 N GOULD ST., STE R**
**SHERIDAN, WY 82801**

**PALMETTO BROTHERS CAPITAL**
**30 N GOULD ST., STE R**
**SHERIDAN, WY 82801**

**PERRYAUTO 19, LLC**
**30 N GOULD ST., STE R**
**SHERIDAN, WY 82801**

**and**

**CLIENT CATCHER, INC**
**2595 INTERSTATE DR. STE 103**
**HARRISURG, PA 17110**

**Defendant(s).**

**TO THE ABOVE NAMED DEFENDANT(S):**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **James L. Lindsay, Esq.,** Plaintiff's Attorney, whose address is 165 Scott Ave., Ste 209, Morgantown, WV 26508 an answer, including any related counter-claim you may have to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **20 days** after service of this summons upon you, exclusive of the date of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the amended complaint and you will be thereafter barred from asserting in another action any claim you may have.

**Date:  December 12th, 2022**

_____
Jean Friend Clerk of the Circuit Court



## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**LAWRENCE L. BOYLES, JR.,**

    **PLAINTIFF**

**V.**                                                    CIVIL ACTION NO. 22-c-295

**WILLIAM F. WALSH,** *individually,*
**TRINITY MARKET SOLUTIONS, LLC,**
**BOLT CAPITAL HOLDINGS,**
**PALMETTO BROTHERS CAPITAL,**
**PERRYAUTO 19, LLC,**
**CLIENT CATCHER, INC.,**

    **DEFENDANTS.**

### COMPLAINT

The Plaintiff, Lawrence Lee Boyles, Jr., by and through his counsel, James L. Lindsay of Legal Aid of West Virginia, for his Complaint against the Defendants, alleges the following, to wit:

### INTRODUCTION

This is a complaint for financial exploitation, breach of fiduciary duty, fraud in the inducement, undue influence, breach of contract, failure of consideration, and conversion, all arising out of the Defendant's exploitative transfer and disposition of the Plaintiff's financial assets.

### JURISDICTION AND VENUE

Jurisdiction and venue are properly before this Court pursuant to the provisions of *W.Va. Code* § 56-1-1, et. seq., and West Virginia's long arm statutes.

1

## PARTIES

1. The Plaintiff, Lawrence L. Boyles, Jr., is a citizen and resident of Morgantown, Monongalia County, West Virginia.

2. The Defendant, William F. Walsh, is, upon information and belief, a citizen and resident of Wexford, Pennsylvania.

3. Defendant Trinity Market Solutions, LLC, is a for profit corporation incorporated in Wyoming with a service of process address of 30 N Gould St Ste R, Sheridan, WY 82801.

4. Defendant Bolt Capital Holdings is a for profit corporation incorporated in Wyoming with a service of process address of 30 N Gould St Ste R, Sheridan, WY 82801.

5. Defendant Palmetto Brothers Capital is a for profit corporation incorporated in Wyoming with a service of process address of 30 N Gould St Ste R, Sheridan, WY 82801.

6. Defendant Perryauto 19, LLC, is a for profit corporation incorporated in Wyoming with a service of process address of 30 N Gould St Ste R, Sheridan, WY 82801.

7. Defendant Client Catcher, Inc. is a for profit corporation incorporated in Pennsylvania with a service of process address of 2595 Interstate Dr. Ste 103, Harrisburg, PA, 17110.

8. The causes of action alleged below arose in Morgantown, Monongalia County, West Virginia.

## FACTS

9. The Plaintiff, Lawrence L. Boyles, Jr., is eighty-three (83) years old and resides in Morgantown.

10. The Defendant, William F. Walsh, is Plaintiff Boyles's former son-in-law and upon information and belief, is the owner of multiple illegitimate corporations and LLCs.

11. Defendant, in his position of trust and confidence as a family member of Plaintiff Boyles, engaged in a pattern of deception and misappropriation of Plaintiff's money.

12. Plaintiff sold his home and received the proceeds from that sale in a lump sum payment from the purchaser.

13. Knowing Plaintiff had come into these funds, the Defendant made false promises of investment and capital gains to the Plaintiff to secure multiple large transfers of funds from Plaintiff's bank account into his own and those of his multiple organizations.

14. Plaintiff relied to his detriment on the false promises and advisement of Defendant and transferred amounts including, but not limited to, $100,000; $5,000; and $7,500 between 2018 and 2020.

15. Based on Defendant's familiarity with the Plaintiff and Defendant's close position of trust and confidence being a member of Plaintiff's family, Defendant did not offer any written agreement, contract, retainer, or any other accounting of how any of Plaintiff's funds would be invested, and refused to provide a 1099 tax form when requested.

16. Defendant was to return Plaintiff's capital, investment income and interest after the "investments" had matured and Plaintiff could begin drawing on the investment income.

17. To date, Defendant(s) have refused to provide an accounting of Plaintiff's funds and has returned only approximately $20,000 of Plaintiff's funds.

18. Defendant has acknowledged to third parties that he owed Plaintiff under said agreements, and that he would return his funds as soon as possible plus the capital gains and interest.

19. Based upon information and belief, Plaintiff has operated numerous "shell" companies and LLCs, all without any of the formalities required and recommended under West Virginia law.

20. Upon information and belief, the corporate entities (Corporate Defendants) as identified herein have no boards, directors, management structure, and do not operate as free-standing corporations under West Virginia Law.

21. Upon information and belief, Defendant has used the herein named Corporate Defendants to create a corporate veil and has used the same to hide and/or otherwise disguise malfeasance and misappropriation of the money of Plaintiff and potentially other elderly and/or disabled individuals.

22. At all times relevant herein, the Defendant represented to the Plaintiff that he was acting in Plaintiff's best interests and acting on his behalf as a trusted financial adviser and family member.

## COUNT ONE – FINANCIAL EXPLOITATION

23. The Plaintiff re-alleges the facts and allegations contained in Paragraphs 1 through 21 as if fully restated herein.

24. Under West Virginia Law, Plaintiff is an elderly person.

25. Upon information and belief, the Defendant used undue influence in order to gain the trust of the Plaintiff and to overcome his free will of Plaintiff Boyles.

26. Using said trust, Defendant further intentionally misappropriated and misused the funds and assets of the Plaintiff by transferring them directly to the accounts of corporate entities including, but not limited to, Trinity Market Solutions, Bolt Capital Holdings, Palmetto Brothers Capital, Perryauto 19, LLC, and Client Catcher, Inc.

4

27. Using his position of trust and confidence to Plaintiff, Defendant convinced the elderly Plaintiff to transfer, including but not limited to, approximately $100,000 to him in the name of Bolt Capital Holdings.

28. Using his position of trust and confidence to Plaintiff, Defendant convinced the elderly Plaintiff to transfer, including but not limited to, $5,000 to him in the name of Trinity Market Solutions.

29. Using his position of trust and confidence to Plaintiff, Defendant convinced the elderly Plaintiff to transfer, including but not limited to, $7,500 from Plaintiff's credit card to him in the name of Client Catcher, Inc..

30. The actions of the Defendants constitute financial exploitation of an elderly person.

31. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered a loss of monies, property, and other assets in excess of $100,000.

32. As a direct and proximate result of the defendant's actions, the Plaintiff has suffered great emotional distress and mental anguish, all of which has affected his health and well-being.

33. Inasmuch as the actions of the Defendants were willful, knowing, and intentional acts, made with malice and bad faith, and inasmuch as the actions of Teresa Borror were committed while she was the agent of Lawrence L. Boyles, Jr., the Plaintiff is entitled to an award of punitive damages in the amount of payment of treble damages, and attorney's fees and costs, pursuant to §55-7J-3 and §55-7J-4.

### COUNT TWO – BREACH OF FIDUCIARY DUTY

34. The Plaintiff re-alleges the facts and allegations contained in Paragraphs 1 through 32 as if fully restated herein.

35. At all times relevant herein, up until he absconded with Plaintiff's assets, Defendant William Walsh held himself out to be a fiduciary and agent of the Plaintiff, Lawrence Boyles.

36. Defendant Walsh owed to the Plaintiff a fiduciary duty to act in the Plaintiff's best interests, which is the highest duty recognized by law.

37. By misappropriating Plaintiff's funds and refusing to provide any accounting for them, Defendant has violated his fiduciary duty to the Plaintiff.

38. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered a loss of monies, property, and other assets totaling more than $100,000.

39. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered great emotional distress and mental anguish, all of which has adversely affected his health and well-being.

## COUNT THREE – FRAUD IN THE INDUCEMENT

40. The Plaintiff re-alleges the facts and allegations contained in Paragraphs 1 through 38 as if fully restated herein.

41. The defendants engaged in a pattern of deceiving the Plaintiff by making false promises to him, without intention of performance by them, for the fraudulent purpose of putting the defendants in an advantageous position at the expense of the Plaintiff.

42. The false promises were acted upon by the Plaintiff, to his detriment.

43. Upon information and belief, the Defendant made numerous false statements to the Plaintiff in order to convince him to transfer money, including but not limited to, that he would be investing the funds and providing a return on said investment(s), that he was

starting profitable corporations with said money, and that profits from his ventures would be used to provide for Plaintiff's daughter and family.

44. Upon information and belief, Defendants fraudulently induced the Plaintiff to sign multiple checks to himself and his business entities, without any intention of returning those funds.

45. Upon information and belief, all of Defendant's companies lack any structure as legitimate business entities, are not doing business as stated to the Plaintiff, and are not for the purpose of becoming profitable ventures.

46. The actions of the Defendant constitute fraud in the inducement.

47. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered a loss of monies, property, and other assets totaling more than $100,000.

48. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered great emotional distress and mental anguish, all of which has affected his health and well-being.

49. Inasmuch as the actions of the Defendant were willful, knowing, and intentional acts of fraud, made with malice and bad faith, the Plaintiff is entitled to an award of punitive damages, attorney's fees and costs.

50. Inasmuch as the damages suffered by the Plaintiff are the result of conduct that was carried out by the Defendant with actual malice toward the Plaintiff and a conscious, reckless, and outrageous indifference to the health, safety, and welfare of the Plaintiff, the said Lawrence L. Boyles, Jr., is entitled to an award of punitive damages pursuant to the provisions of *W. Va. Code* §55-7-29, attorneys' fees and costs.

**COUNT FOUR – UNDUE INFLUENCE**

7

51. The Plaintiff re-alleges the facts and allegations contained in Paragraphs 1 through 49 as if fully restated herein.

52. The Defendant represented to the Plaintiff that he was acting in Plaintiff's best interests and acting on Plaintiff's behalf and took actions to unduly influence Plaintiff's financial decision-making.

53. The Defendant first convinced the Plaintiff that he did not need to memorialize any investment agreements between them because they were relatives and because the Defendant was his son-in-law.

54. Before receiving Plaintiff's money the Defendant engaged in a pattern of activities that overcame the free will of the Plaintiff and to replace his desires with those of the Defendant.

55. The Defendant was ingratiated into the Plaintiff's life as his son-in-law.

56. The Defendant began using false promises of profit and business acumen in order to lure the Plaintiff into transferring large amounts of money to numerous LLCs and corporate entities.

57. By doing so, the Defendant gained full advantage over the Plaintiff by causing him to rely on Defendant for financial help and advice.

58. Using his advantage and the Plaintiff's trust, the Defendant convinced the Plaintiff that Defendant was representing his best interests and that Defendant would ensure Plaintiff's funds were safe and protected.

59. With full knowledge of Plaintiff's advanced age and cognitive concerns, Defendant provided no agreements, investment portfolios, repayment schedules, contracts, or any other information related to the transactions.

60. Upon information and belief, the Defendant actions constitute undue influence.

61. As a direct and proximate result of the Defendant's actions, the Plaintiff trusted the Defendant to help manage his financial affairs, including the investment of funds received from the sale of his home.

62. However, instead of representing and protecting the Plaintiff's interests, the Defendant engaged in a pattern of self-dealing, deceit, and obfuscation of his transferring of the Plaintiff's money to his own use and benefit.

63. Said pattern consisted of, including but not limited to, convincing the Plaintiff to place monies in the care and custody of Defendant for investment and estate planning purposes, convincing the Plaintiff to invest monies into nonexistent business entities, and by inducing him to do so without any written record of investments with Defendant other than Plaintiff's checks.

64. As a direct and proximate result of the Defendant's actions, the Plaintiff has suffered great emotional distress and mental anguish, all of which has affected his health and well-being.

65. Inasmuch as the actions of the Defendant were willful, knowing, and intentional acts of fraud, made with malice and bad faith, the Plaintiff is entitled to an award of punitive damages, attorney's fees and costs.

66. Inasmuch as the damages suffered by the Plaintiff are the result of conduct that was carried out by the Defendant with actual malice toward the Plaintiff and a conscious, reckless, and outrageous indifference to the health, safety, and welfare of the Plaintiff, the said Lawrence L. Boyles, Jr., is entitled to an award of punitive damages pursuant to the provisions of *W. Va. Code* §55-7-29, attorneys' fees and costs.

## COUNT FIVE – BREACH OF CONTRACT

67. The Plaintiff re-alleges the facts and allegations contained in Paragraphs 1 through 65 as if fully restated herein.

68. Upon information and belief, the Defendant promised Plaintiff returns on "investments" if monies were given to him to start small businesses and/or other business entities.

69. Subsequently, the Plaintiff performed under the agreement by transferring over $100,000 into Defendant's direct possession and control.

70. The Defendant failed to provide any accounting of the funds and has refused to return any money to the elderly Plaintiff pursuant to the Parties' agreement.

71. Upon information and belief, such a failure is grounds to rescind any and all professed "investment agreements" in their entirety and to make Plaintiff whole again under West Virginia law.

72. Inasmuch as the actions of the Defendant were willful, knowing, and intentional acts, made with malice and bad faith, the Plaintiff is entitled to an award of punitive damages, attorney's fees and costs.

73. Inasmuch as the damages suffered by the Plaintiff are the result of conduct that was carried out by the Defendants with actual malice toward the Plaintiff and a conscious, reckless, and outrageous indifference to the health, safety, and welfare of the Plaintiff, the said Lawrence L. Boyles, Jr., is entitled to an award of punitive damages pursuant to the provisions of *W. Va. Code* §55-7-29, attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

1. An Order to "pierce the corporate veil" with regard to Defendant's numerous corporate entities;

2. Judgment against the Defendant(s) for financial exploitation, breach of fiduciary duty, fraud in the inducement, and breach of contract in excess of $100,000.

3. An award of compensatory damages for pain and suffering, loss of use, and breach of contract.

4. An award of attorneys' fees and costs;

5. An award of punitive damages as permitted by law; and

6. Any such other and further relief as this Court deems reasonable and just under the circumstances.

Lawrence L. Boyles, Jr., ,
By Counsel

James L. Lindsay
Financial Exploitation Attorney
Legal Aid of West Virginia
165 Scott Avenue, Suite 209
Morgantown, WV 26508
Telephone: (304) 296-0001, Extension 3125
Facsimile: (304) 296-0276

COUNSEL FOR PLAINTIFF

11

## VERIFICATION

State of West Virginia

County of Monongalia


Lawrence L. Boyles, Jr., after being first duly sworn, states that she is the Plaintiff in the foregoing Complaint; that the facts and allegations therein contained are true, except so far as they are therein stated to be upon information, and that so far as they are therein stated to be on information, she believes them to be true.



Lawrence L. Boyles, Jr.

Signed and sworn to me on this _30th_ day of _October_, 2022.



Notary Public

My Commission expires on: _August 4, 2025_

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Eva Segert-Tauger
Legal Aid of West Virginia, Inc.
165 Scott Ave., Suite 209
Morgantown, WV 26508
My Commission Expires Aug. 4, 2025

12

Current Date
01/10/2023

Log Out

Print

Current Tim
10.11.10

Return

| | |
|---|---|
| Case Number: | 22-C-295 |
| Date Opened: | 12/12/2022 |
| Time Opened: | 01:18 PM |
| Receipt#: | 181410 |
| Pay Type: | P. AFF. |

| | |
|---|---|
| Case Year: | 2022 |
| Case Sub Code: | C |
| Judge Assigned: | PDG-PHILLIP D. GAUJOT |
| Rate: | 0.00 |
| Order Book: | 0 |

| | |
|---|---|
| Status: | *OPEN |
| Date Closed: | |
| Trial Date: | 01/01/0001 |
| Order Page: | 0 |

Print Excel

| 1 | | | | |
|---|---|---|---|---|
| PDF File | Note | Date | Earned | Collected |
| 📄 | Complaint Filed | 12/12/2022 | 200.00 | 0.00 |
| | Additional Clerks Fees | 12/12/2022 | 60.00 | 0.00 |
| | WVSP Lab | 12/12/2022 | 30.00 | 0.00 |
| | Paupers affidavit filed | 12/12/2022 | 0.00 | 0.00 |
| | Process Issued - Returned to attorney for service on all def | 12/12/2022 | 0.00 | 0.00 |



## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LAWRENCE L. BOYLES, JR.,**

      **PLAINTIFF,**

v.                                           **Civil Action No.**

**WILLIAM F. WALSH,** *individually*,
**TRINITY MARKET SOLUTIONS, LLC,**
**BOLT CAPITAL HOLDINGS,**
**PALMETTO BROTHERS CAPITAL,**
**PERRYAUTO 19, LLC,**
**CLIENT CATCHER, INC.,**

      **DEFENDANTS.**

### AFFIDAVIT OF WILLIAM F. WALSH

**STATE OF TEXAS**

**COUNTY OF** $\underline{COLLIN}$ **, TO-WIT:**

      **BEFORE ME,** the undersigned authority, on this day personally appeared William F. Walsh, who, having been duly sworn, stated under oath as follows:

      1.     I currently reside in the State of Texas and intend to remain a resident and citizen of the State of Texas.

      2.     Prior to moving to the State of Texas, I was a citizen of the State of Florida.

      Further affiant saith not.

1/9/23
_____
Date

_____
William F. Walsh

      Taken, subscribed and sworn to before me this 9th day of January, 2023.

      My commission expires: _07/13/2025_ .

_____
NOTARY PUBLIC

[SEAL]



Arnav Ahluwalia
My Commission Expires
7/13/2025
Notary ID
133209598

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LAWRENCE L. BOYLES, JR.,**

    **PLAINTIFF,**

**v.**                                                    **Civil Action No.**

**WILLIAM F. WALSH, *individually*,**
**TRINITY MARKET SOLUTIONS, LLC,**
**BOLT CAPITAL HOLDINGS,**
**PALMETTO BROTHERS CAPITAL,**
**PERRYAUTO 19, LLC,**
**CLIENT CATCHER, INC.,**

    **DEFENDANTS.**

### JOINDER AND CONSENT TO REMOVAL

       Defendant, William F. Walsh, by and through his undersigned counsel, hereby consents

and joins in the removal of this action from the Circuit Court of Monongalia County, West

Virginia, identified as Civil Action No. 22-C-295, to the United States District Court for the

Northern District of West Virginia.  Mr. Walsh notes, however, that he has not yet been properly

served by Plaintiff in this matter and consents to removal without waiving any and all available

defenses pursuant to the Federal Rules of Civil Procedure.

       Respectfully submitted this 9th day of January, 2023.

                          **WILLIAM F. WALSH,**

                          By Counsel,

                          /s/ David L.T. Butler
                          David L.T. Butler (WVSB # 11339)
                          Brian J. Warner (WVSB #9372)
                          Shuman McCuskey Slicer PLLC
                          300 Wedgewood Drive, Suite 110
                          Morgantown, WV 26505
                          Telephone: (304) 291-2702



Facsimile: (304) 291-2840
dbutler@shumanlaw.com
bwarner@shumanlaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LAWRENCE L. BOYLES, JR.,**

     **PLAINTIFF,**

v.                                                                  **Civil Action No.**

**WILLIAM F. WALSH,** *individually*,
**TRINITY MARKET SOLUTIONS, LLC,**
**BOLT CAPITAL HOLDINGS,**
**PALMETTO BROTHERS CAPITAL,**
**PERRYAUTO 19, LLC,**
**CLIENT CATCHER, INC.,**

     **DEFENDANTS.**

## JOINDER AND CONSENT TO REMOVAL

Defendant, Trinity Marketing Solutions[1] ("Trinity"), by and through its undersigned counsel, hereby consents and joins in the removal of this action from the Circuit Court of Monongalia County, West Virginia, identified as Civil Action No. 22-C-295, to the United States District Court for the Northern District of West Virginia. Trinity notes, however, that it has not yet been properly served by Plaintiff in this matter and consents to removal without waiving any and all available defenses pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted this 9th day of January, 2023.

                       **TRINITY MARKETING SOLUTIONS,**

                       By Counsel,

                       /s/ David L.T. Butler
                       David L.T. Butler (WVSB # 11339)
                       Brian J. Warner (WVSB #9372)
                       Shuman McCuskey Slicer PLLC
                       300 Wedgewood Drive, Suite 110

---

[1] Plaintiff incorrectly denominated Trinity Marketing Solutions as "Trinity Market Solutions, LLC" in the Complaint and case caption.

**EXHIBIT**

**E**

Morgantown, WV 26505
Telephone: (304) 291-2702
Facsimile: (304) 291-2840
dbutler@shumanlaw.com
bwarner@shumanlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**LAWRENCE L. BOYLES, JR.,**

      **PLAINTIFF,**

**v.**                                      **Civil Action No.**

**WILLIAM F. WALSH,** *individually,*
**TRINITY MARKET SOLUTIONS, LLC,**
**BOLT CAPITAL HOLDINGS,**
**PALMETTO BROTHERS CAPITAL,**
**PERRYAUTO 19, LLC,**
**CLIENT CATCHER, INC.,**

      **DEFENDANTS.**

## JOINDER AND CONSENT TO REMOVAL

      Defendant, Bolt Capital Holdings ("Bolt"), by and through its undersigned counsel, hereby consents and joins in the removal of this action from the Circuit Court of Monongalia County, West Virginia, identified as Civil Action No. 22-C-295, to the United States District Court for the Northern District of West Virginia. Bolt notes, however, that it has not yet been properly served by Plaintiff in this matter and consents to removal without waiving any and all available defenses pursuant to the Federal Rules of Civil Procedure.

      Respectfully submitted this 9th day of January, 2023.

                                 **BOLT CAPITAL HOLDINGS GROUP,**

                                  By Counsel,

                                  /s/ David L.T. Butler
                                  David L.T. Butler (WVSB # 11339)
                                  Brian J. Warner (WVSB #9372)
                                  Shuman McCuskey Slicer PLLC
                                  300 Wedgewood Drive, Suite 110
                                  Morgantown, WV 26505
                                  Telephone: (304) 291-2702

EXHIBIT
F

Facsimile: (304) 291-2840
dbutler@shumanlaw.com
bwarner@shumanlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LAWRENCE L. BOYLES, JR.,**

      **PLAINTIFF,**

**v.**                                       **Civil Action No.**

**WILLIAM F. WALSH,** *individually,*
**TRINITY MARKET SOLUTIONS, LLC,**
**BOLT CAPITAL HOLDINGS,**
**PALMETTO BROTHERS CAPITAL,**
**PERRYAUTO 19, LLC,**
**CLIENT CATCHER, INC.,**

      **DEFENDANTS.**

### JOINDER AND CONSENT TO REMOVAL

Defendant, Perryauto 19, LLC ("Perryauto"), by and through its undersigned counsel, hereby consents and joins in the removal of this action from the Circuit Court of Monongalia County, West Virginia, identified as Civil Action No. 22-C-295, to the United States District Court for the Northern District of West Virginia.  Perryauto notes, however, that it has not yet been properly served by Plaintiff in this matter and consents to removal without waiving any and all available defenses pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted this 9th day of January, 2023.

                                   **PERRYAUTO 19, LLC,**

                                   By Counsel,

                                   /s/ David L.T. Butler
                                   David L.T. Butler (WVSB # 11339)
                                   Brian J. Warner (WVSB #9372)
                                   Shuman McCuskey Slicer PLLC
                                   300 Wedgewood Drive, Suite 110
                                   Morgantown, WV 26505
                                   Telephone: (304) 291-2702

EXHIBIT
G

Facsimile: (304) 291-2840
dbutler@shumanlaw.com
bwarner@shumanlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LAWRENCE L. BOYLES, JR.,**

    **PLAINTIFF,**

**v.**                                                                              **Civil Action No.**

**WILLIAM F. WALSH, *individually*,**
**TRINITY MARKET SOLUTIONS, LLC,**
**BOLT CAPITAL HOLDINGS,**
**PALMETTO BROTHERS CAPITAL,**
**PERRYAUTO 19, LLC,**
**CLIENT CATCHER, INC.,**

    **DEFENDANTS.**

### JOINDER AND CONSENT TO REMOVAL

Defendant, The Client Catcher, Inc. ("Client")[1], by and through its undersigned counsel, hereby consents and joins in the removal of this action from the Circuit Court of Monongalia County, West Virginia, identified as Civil Action No. 22-C-295, to the United States District Court for the Northern District of West Virginia.  Client notes, however, that it has not yet been properly served by Plaintiff in this matter and consents to removal without waiving any and all available defenses pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted this 9th day of January, 2023.

                                 **CLIENT CATCHER, INC.,**

                                 By Counsel,

                                 /s/ David L.T. Butler
                                 David L.T. Butler (WVSB # 11339)
                                 Brian J. Warner (WVSB #9372)
                                 Shuman McCuskey Slicer PLLC
                                 300 Wedgewood Drive, Suite 110

---

[1] Plaintiff incorrectly denominated The Client Catcher, Inc. as "Client Catcher, Inc." in the Complaint and case caption.

EXHIBIT
H

Morgantown, WV 26505
Telephone: (304) 291-2702
Facsimile: (304) 291-2840
dbutler@shumanlaw.com
bwarner@shumanlaw.com

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

LAWRENCE L. BOYLES, JR.,

    PLAINTIFF,

v.                                                                    Civil Action No. 22-C-295

WILLIAM F. WALSH, *individually*,
TRINITY MARKET SOLUTIONS, LLC,
BOLT CAPITAL HOLDINGS,
PALMETTO BROTHERS CAPITAL,
PERRYAUTO 19, LLC,
CLIENT CATCHER, INC.,

    DEFENDANTS.

### Certificate of Service

I hereby certify that I served a copy of the foregoing on the following counsel of record via United States mail, postage prepaid, this 10th day of January 2023:

    James L. Lindsay, Esquire
    Legal Aid of West Virginia
    165 Scott Avenue, Suite 209
    Morgantown, WV 26508
    *Counsel for Plaintiff*

                  David L.T. Butler (WVSB # 11339)
                  Shuman McCuskey Slicer PLLC

2